|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |
| 6   |     |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| KELVIN CHAPMAN, | CASE NO. C14-5680 RJB |
| --- | --- |
| Plaintiff, | ORDER ON DEFENDANTS' PETITION FOR ATTORNEYS' FEES |
| v. |  |
| PROGRESS RAIL SERVICES CORPORATION, an Alabama For profit Corporation licensed to do business in the State of Washington, and CATERPILLAR INC., a Delaware For Profit Corporation licensed to do business in the State of Washington, |  |
| Defendants. |  |

This matter comes before the Court on the Defendants' Petition for Attorneys' Fees. Dkt. 17. The Court has considered the pleadings filed regarding the motion and the remaining record.

Plaintiff filed this employment discrimination case on June 14, 2014. Dkt. 1. Plaintiff alleges that employees of Defendant Progress Rail Services Corporation ("Progress") "repeatedly made offensive, derogatory and degrading remarks about the Plaintiff's race and sexual orientation," "leered" at him, touched him in an "unwanted and sexual manner," and acted in a way

ORDER ON DEFENDANTS' PETITION FOR
ATTORNEYS' FEES- 1

that created a "hostile work environment." Dkt. 1-2, at 2-3.  Plaintiff alleges that he repeatedly reported the behavior and was punished for doing so.  *Id.*, at 3.  Plaintiff makes claims for assault, intentional infliction of emotional distress, negligent infliction of emotional distress, "negligent supervising and/or hiring," and outrage.  *Id.*  Plaintiff also makes a claim for "discrimination as that term is defined by RCW 49.60.030 and RCW 49.44.090."  *Id.*

On August 27, 2014, this case was removed from Pierce County, Washington Superior Court based on diversity jurisdiction.  Dkt. 1.

On July 16, 2015, Defendants' motion to compel discovery was granted and Plaintiff was ordered to produce documents and answer interrogatories.  Dkt. 16.  Defendants' motion for an award of reasonable attorneys' fees was granted pursuant to Fed. R. Civ. P. 37 (a)(3).  *Id.*  Defendants were ordered to file their petition specifically addressing the reasonable expenses for the motion.  *Id.*  On July 31, 2015, Defendants filed their petition for an award of $2,337.00.  Dkt. 17.  For the reasons set forth below, Plaintiff's counsel should be ordered to pay $2,337.00 in reasonable attorneys' fees.

## FACTS

The following facts are in the July 16, 2015 Order on Defendants' Motion to Compel:

> On February 6, 2015, Defendants served their First Set of Interrogatories and Requests for Productions on Plaintiff.  Dkt. 15.  Plaintiff's responses were due on March 12, 2015.  *Id.*  Having received no response, Defendants contacted Plaintiff's counsel by letter on April 7, 2015.  *Id.*  When no response was made, Defendants then called counsel for Plaintiff on April 29, 2015, and left a message.  *Id.*  On May 29, 2015, Defendants again wrote Plaintiff's counsel regarding his failure to respond.  *Id.*  Plaintiff still did not respond.  *Id.*  On June 15, 2015, Defendants' counsel called Plaintiff's counsel and was able to confer.  *Id.*  Defendants emailed Plaintiffs' counsel to confirm that Plaintiff would respond to the discovery requests by June 19, 2015.  *Id.*

Dkt. 16, at 2.  Plaintiff did not provide Defendants any discovery and the motion to compel followed.  Dkt. 14.  In addition to granting the motion to compel, Defendants' motion for

1 reasonable attorneys' fees was granted. Dkt. 16. The July 16, 2015 Order found that: (1)
2 Plaintiff's counsel was sent notice of the motion for reasonable expenses on June 25, 2015; (2)
3 Defendants' counsel attempted for several months to get Plaintiff's counsel to respond to their
4 discovery requests; and (3) Plaintiff's counsel failed to respond. Dkt. 16. Accordingly, Plaintiff's
5 counsel was ordered to pay Defendants' reasonable expenses. *Id.*

6 On July 31, 2015, Defendants filed their petition for an award of $2,337.00. Dkt. 17.
7 Plaintiff's counsel was given notice of the petition. Dkt. 17, at 4. Plaintiff did not respond.

**DISCUSSION**

9 **Attorneys' Fees.** In determining what attorney's fee is reasonable in a particular case, the
10 court arrives at the "lodestar amount," that is, multiplying the number of hours reasonably
11 expended by a reasonable hourly rate. *Jordan v. Multnomah County*, 799 F.2d 1262, 1265 (9th
12 Cir. 1986) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In determining hourly
13 rates, the Court must look to the "prevailing market rates in the relevant community." *Bell v.
14 Clackamas County,* 341 F.3d 858, 868 (9th Cir. 2003). In the Ninth Circuit, "[t]he number of
15 hours to be compensated is calculated by considering whether, in light of the circumstances, the
16 time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534
17 F.3d 1106, 1111 (9th Cir. 2008). A district court should exclude hours that are "excessive,
18 redundant, or otherwise unnecessary." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th
19 Cir. 2013)(*citing McCown v. City of Fontana,* 565 F.3d 1097, 1102 (9th Cir.2008)).

20 Defendants are represented by Leah C. Lively, a shareholder in the firm of Ogletree,
21 Deakins, Nash, Smoak & Stewart, P.C. and Daniel L. Boyer, an associate with the same firm.
22 Dkt. 18. Ms. Lively's rate of $420 per hour is reasonable for this community as is Mr. Boyer's
23 rate of $290 per hour. Ms. Lively and Mr. Boyer indicate that they spent 7.7 hours on the motion

ORDER ON DEFENDANTS' PETITION FOR
ATTORNEYS' FEES- 3

1  to compel and supporting declarations. Dkt. 18. Considering the motion, this was a reasonable

2  number of hours expended. Under the loadstar method, their claim for $2,337.00 is reasonable.

3  "While in most cases the lodestar figure is presumptively reasonable, in rare cases, a

4  district court may make upward or downward adjustments to the presumptively reasonable

5  lodestar on the basis of those factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526, F.2d 67, 69-

6  70 (9th Cir.1975), that have not been subsumed in the lodestar calculation." *Camacho v.*

7  *Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)(*internal and quotations citations*

8  *omitted*).

9  Under *Kerr,* the court considers the following factors: (1) the time and labor required, (2) the

10 novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal

11 service properly, (4) the preclusion of other employment by the attorney due to acceptance of the

12 case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations

13 imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9)

14 the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11)

15 the nature and length of the professional relationship with the client, and (12) awards in similar

16 cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir.1975), *cert. denied*, 425

17 U.S. 951 (1976). These considerations are consistent with Washington Rules of Professional

18 Conduct 1.5.

19 Nothing in the *Kerr* factors counsels an upward or downward adjustment in the lodestar

20 figure here. The time and labor required, novelty and difficulty of the questions involved and the

21 skill to handle the motion properly are all accounted for in the lodestar equation. There is no

22 evidence of preclusion of other employment. The fee request is customary. Defendants are being

23 charged an hourly fee. There is no evidence of time limitations imposed by the client or the

24

circumstances. The award is in line with the amount involved and results obtained. The lodestar figure addresses the experience, reputation, and ability of the attorneys, and the 'undesirability' of the case. There is no evidence regarding the nature and length of the professional relationship with the client, or awards in similar cases. Consideration of the *Kerr* factors do not change the presumptive award.

Pursuant to the July 16, 2015 Order and Fed. R. Civ. P. 37(a)(5), Plaintiff's counsel should be ordered to pay Defendants' reasonable attorneys' fees of $2,337.00 within 30 days of the date of this order.

**ORDER**

It is **ORDERED** that:

- Defendants' Petition for Attorneys' Fees (Dkt. 17) **IS GRANTED**; and
- Within 30 days of the date of this order, Plaintiff's counsel **SHALL** pay Defendants' reasonable attorneys' fees of $2,337.00 as a result of their having to bring the motion to compel.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of August, 2015.

*[signature]*

ROBERT J. BRYAN
United States District Judge